UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24774-BLOOM/Elfenbein

MARIA MARANTE,

      Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

      Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant American Bankers Insurance Company of Florida's ("Defendant") Motion for Summary Judgment ("Motion"), ECF No. [29]. Plaintiff Maria Marante ("Plaintiff") filed a Response, ECF No. [36], to which Defendant filed a Reply, ECF No. [38].  The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

## I.   BACKGROUND

This matter arises out of a contract dispute between Plaintiff and Defendant insurance company involving a Standard Flood Insurance Policy ("Policy") under the National Flood Insurance Program. The Policy covers Plaintiff's property located at 18125 SW 114th Court Miami, Florida 33157 ("Property"). *See* ECF No. [1-2] at 11. Plaintiff claims that on November 16, 2023, the Property sustained flood damage. *Id.* Shortly thereafter, Plaintiff notified Defendant of the claimed loss and, as a result, Defendant sent an adjusting firm to the Property to inspect the damage. However, Defendant ultimately denied Plaintiff's claim, finding that the adjuster's investigation "revealed no covered general condition of flooding." ECF No. [30] at 2; *see also*

ECF No. [36] at 1-2. Because Defendant failed pay for the alleged flood damage, Plaintiff filed

the instant breach of contract action in state court on November 7, 2024. ECF No. [1-2] at 13. On

December 6, 2024, Defendant removed the case to this Court and has now filed the instant Motion

based on Plaintiff's failure to timely submit a sworn proof of loss as required under the Policy. *See*

ECF Nos. [1], [29].

### A. Material Facts

The following facts are not genuinely in dispute unless otherwise noted. Defendant "is a

Write-Your-Own insurance carrier participating in the National Flood Insurance Program

['Program']." ECF No. [30] at ¶ 1. As a part of the Program, Defendant issued Plaintiff "a Standard

Flood Insurance Policy . . . with effective dates from February 1, 2023, through February 1, 2024

(the 'Policy')" for "Plaintiff's property located at 18125 SW 114th Court Miami, Florida 33157

(the 'Property')." *Id.* at ¶¶ 2-3. "The Policy states in relevant part:

**VII. General Conditions**
. . .

**C. Amendments, Waivers, Assignments**
This policy cannot be changed nor can any of its provisions be waived without the
express written consent of the Federal Insurance Administrator. No action that we
take under the terms of this policy can constitute a waiver of any of our rights.
. . .

**G. Requirements in Case of Loss**
In case of a flood loss to insured property, you must:
1.  Give prompt written notice to us;
. . .

4. Within 60 days after the loss, send us a proof of loss, which is your statement of
the amount you are claiming under the policy signed and sworn to by you, and
which furnishes us with the following information:
…

**O. Suit Against Us**
You may not sue us to recover money under this policy unless you have complied
with all the requirements of the policy . . ..

*Id.* at ¶ 8.

"On November 16, 2023, Plaintiff claims that a flood caused damage to the Property." *Id.* at ¶ 4. Thus, "[p]ursuant to the Policy, Plaintiff had sixty (60) days from November 16, 2023 to submit a sworn Proof of Loss to [Defendant]." *Id.* at ¶ 9. While Plaintiff notified Defendant of the claimed flood loss on November 29, 2023, "Plaintiff did not [timely] submit a sworn Proof of Loss to [Defendant] within sixty (60) days from November 16, 2023." *Id.* at ¶¶ 5, 10, 16. Plaintiff did not complete the Proof of Loss until July 8, 2024, and did not provide the Proof of Loss to Defendant until July 10, 2024. *See* ECF No. [30] at ¶¶ 14-15.

Notwithstanding the untimely filing of the Proof of Loss, Plaintiff filed her Complaint for breach of contract in the Circuit Court of the 11th judicial Circuit in and for Miami-Dade County, Florida, which Defendant subsequently removed to this Court on December 6, 2024. *See id.* at ¶¶ 11-12.

Defendant now moves for summary judgment on Plaintiff's breach of contract claim because Defendant contends that the timely filing of a sworn proof of loss is a mandatory condition precedent for a breach of contract claim involving a Standard Flood Insurance Policy ("SFIP"). *See* ECF No. [29] at 1. Consequently, because Plaintiff failed to file her sworn Proof of Loss within sixty (60) days of the claimed loss, Defendant argues she is precluded from pursuing the subject litigation. *See id.*

Plaintiff acknowledges that she did not timely submit her sworn Proof of Loss as required under the Policy prior to commencing the litigation but argues that her failure should not foreclose her breach of contract claim because (1) she has substantially complied with her post-loss obligations; (2) Defendant was not prejudiced by the non-compliance; and (3) Defendant effectively waived the condition precedent. *See* ECF No. [36].

## II.    LEGAL STANDARD

### B.  Rule 56(a)—Summary Judgment Standard

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations[.]'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant." (citation omitted)).

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-

moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

"If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) (citation omitted).

## III.  DISCUSSION

Defendant explains that the Policy is a Standard Flood Insurance Policy ("SFIP") and was issued pursuant to the National Flood Insurance Program ("NFIP"). Accordingly, because Congress created and underwrites the program, and all payments on the Policy "are drawn on the U.S. Treasury," Defendant argues that all provisions of the Policy must be strictly observed. ECF No. [29] at 6. One such requirement under the Policy is that "an insured must send a signed and sworn Proof of Loss within 60 days after the date of loss." *Id.* at 7.  Defendant contends that under SFIP policies like the one at issue here, "[f]ailure to file proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery" by the insured. *Id.* (quoting *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1319 (11th Cir. 2003); citing *Shuford v. Fidelity National Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007)). According to Defendant, there are no exceptions to this requirement, and strict adherence is rigorously enforced.

Therefore, because there is no genuine dispute that Plaintiff failed to submit her sworn Proof of Loss to Defendant within sixty days of the date of the loss, Defendant contends Plaintiff's non-compliance precludes any recovery under the Policy. *See id.* at 7-8.

Plaintiff responds that although she did not timely file her sworn Proof of Loss, summary judgment is still inappropriate under the circumstances. Plaintiff points out that although she did not literally comply with all of the Policy's conditions precedent, she "substantively complied by providing prompt notice, providing an estimate of repairs, providing statements as requested, and providing access to the Property to allow for an inspection which ultimately allowed [Defendant] to completely and thoroughly investigate the claim, all within sixty (60) days of the loss." ECF No. [36] at 2. Therefore, because Defendant was not prejudiced in any way by Plaintiff's non-compliance, her failure to submit her sworn Proof of Loss should be excused.[1]

Plaintiff also argues that summary judgment should not be granted because Defendant effectively waived the pre-suit requirements, including the requirement that she submit a Proof of Loss. According to Plaintiff, "on December 15, 2023, Defendant's independent adjuster, Ross Heinzman, inspected the Property and, on January 10, 2024, Defendant informed the Insured her 'claim had been denied." *Id.* at 5. Thus, the entire claim determination process was completed prior to the time Plaintiff was required to submit her sworn Proof of Loss. Therefore, since Defendant deemed the Proof of Loss unnecessary for its claim determination, Plaintiff argues there is a material dispute of fact as to whether Plaintiff adequately complied with the Policy, given Defendant's apparent waiver of the Proof of Loss requirement. *Id.* at 5.

---

[1] Plaintiff emphasizes that there could be no prejudice to Defendant because of her non-compliance, given that Defendant "was able to render its coverage determination before sixty (60) days from the date of loss had lapsed." ECF No. [36] at 4.

The Policy is a Standard Flood Insurance Policy ("SFIP"). "SFIPs are governed by statute, FEMA regulations, and federal common law." *Yaniz v. Wright Nat'l Flood Ins. Co.*, 446 F. Supp. 3d 1015, 1026 (S.D. Fla. 2020) (quoting *Tuircuit v. Wright Nat'l Flood Ins. Co.*, No. 13-6268, 2014 WL 5685222, at *4 (E.D. La. Nov. 4, 2014)).[2] "In the event of a flood loss, an insured whose property is covered by a SFIP must satisfy certain requirement to be compensated for the loss." *Sun Ray Vill. Owners Ass'n v. Old Dominion Ins. Co.*, 546 F. Supp. 2d 1283, 1289 (N.D. Fla. 2008). "Under [a] SFIP, an insured may not file suit for coverage unless it has complied with all requirements of the policy." *Id.* (citing 44 C.F.R. Pt. 61, App. A(1), Art. VII(O)).[3] "Strict compliance with the provisions of federal flood insurance policies is required because payments are drawn from the federal treasury." *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007) (citation omitted); *Talerico Family Ltd. P'ship v. First Cmty. Ins. Co.*, No. 12-62232-CIV, 2014 WL 11600913, at *5 (S.D. Fla. Mar. 20, 2014) (citations omitted).

One such provision is the proof of loss provision which "requires that in the event of a loss, the insured must, within sixty days after the loss, submit to the carrier a timely, signed, and sworn proof of loss[4] stating the total amount being claimed, along with an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss, accompanied by all bills, receipts, and related documents." *Murphy v. Am. Bankers Ins. Co. of Fla.*, No. 23-24668-CIV,

---

[2] "The Standard Flood Insurance Policy is itself a federal law and was drafted by the United States Government." *Murphy v. Am. Bankers Ins. Co. of Fla.*, No. 23-24668-CIV, 2025 WL 1951113, at *1 (S.D. Fla. July 16, 2025) (citing 44 C.F.R. Part 61, App. A(1)).

[3] The relevant provision was previously VII(R) but is now VII(O).

[4] "A Proof of Loss is a statement by the insured informing the insurer—either FEMA or a WYO carrier—of the amount the insured is claiming under the policy." *Slater v. Hartford Ins. Co. of Midwest*, 26 F. Supp. 3d 1239, 1249 (M.D. Fla. 2014). Pursuant to the federal regulation, "[t]he statement must be signed and sworn to by the insured, and provide the insurer with nine specified pieces of information, including the specifications of damaged buildings, detailed repair estimates, and a brief explanation of how the loss happened." *Id.* (citing 44 C.F.R. Pt. 61, App. A(1), art. VII.G.4.a.-i).

2025 WL 1951113, at *1 (S.D. Fla. July 16, 2025) (citing 44 C.F.R., Pt. 61, App. A(1), Art. VII(G)).

As Defendant correctly argues, "[s]trict adherence to the proof of loss requirement is a condition precedent to recovery under the SFIP." *Sun Ray Vill. Owners Ass'n v. Old Dominion Ins. Co.*, 546 F. Supp. 2d 1283, 1289 (N.D. Fla. 2008). "[F]ailure to file a proof of loss bars payment of a claim." *Brown v. Paulison*, No. 3:06CV191-RS, 2007 WL 474307, at *3 (N.D. Fla. Feb. 9, 2007) (citing *Sanz v. U.S. Security Insurance Co.*, 328 F.3d 1314, 1317-1318 (11th Cir. 2003)). While Plaintiff acknowledges that she has not strictly complied with the Policy's proof of loss requirement, she insists that her substantial compliance is enough to preclude summary judgment. *See* ECF No. [36] at 3. However, Plaintiff's argument is plainly contrary to well-established federal law. "Substantial compliance is not sufficient; rather, an insured must completely satisfy the proof of loss requirements before any monetary claim can be awarded." *Sun Ray Vill. Owners Ass'n*, 546 F. Supp. 2d at 1289 (citing *Sanz*, 328 F.3d at 1318). Plaintiff's "failure to provide a complete, sworn proof of loss statement . . . relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id.* (quoting *Gowland v. Aetna*, 143 F.3d 951, 953-54 (5th Cir. 1998)). Therefore, because Plaintiff admits she did not timely file her Proof of Loss, her claim is barred, notwithstanding that she notified Defendant and provided documentation of the claim.

Alternatively, Plaintiff argues that her claim may still proceed to trial because Defendant effectively waived the proof of loss requirement by processing her claim without first receiving her Proof of Loss.[5] However, a SFIP "does not allow for constructive waiver." *Slater v. Hartford*

---

[5] The only case Plaintiff cites in support of her waiver argument is *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2009 WL 10668628, at *4 (S.D. Fla. July 1, 2009). However, that case did not involve a SFIP and involves issues of Florida law, not federal law. Therefore, the case is inapposite to the issues presented here. *See Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001)

*Ins. Co. of Midwest*, 26 F. Supp. 3d 1239, 1253 (M.D. Fla. 2014) (citing *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 811 (3d Cir. 2005)). Only "an express written waiver of the proof-of-loss requirement by the Administrator" is sufficient. *Id.* (citing *Sanz*, 328 F.3d at 1318–19; 44 C.F.R. Pt. 61, App. A(1), art. VII(C)).[6]

Indeed, "an insurer does not 'constructively waive' the proof-of-loss requirement by processing a claim or denying a claim for a reason other than failure to file a timely proof of loss." *Slater*, 26 F. Supp. 3d at 1253; *see Shuford*, 508 F.3d at 1343 (recognizing prior precedent "declin[ing] to recognize a constructive waiver when the provider processed the claim without a proof of loss and repeatedly assured the policyholder that all necessary papers had been filed"); *Sanz*, 328 F.3d at 1319 ("[Plaintiff's] failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery."). Thus, because Plaintiff does not contend she obtained a written waiver for the proof of loss requirement from the Federal Insurance Administrator, her waiver argument similarly fails. Accordingly, the Court grants summary judgment in favor of Defendant.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.   Defendant's Motion**, ECF No. [29],** is **GRANTED**.

2.   A final judgment shall be issued by separate order.

3.   The Clerk shall **CLOSE** the case.

---

("SFIP contracts are interpreted using principles of federal common law rather than state contract law.") (citing *Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program*, 129 F.3d 581, 584 (11th Cir. 1997)).

[6] The relevant provision was previously VII(D) but is now VII(C).

Case No. 24-cv-24774-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 10, 2025.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record